UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                     MEMORANDUM OPINION
v.                                AND ORDER
                                     Criminal No. 03-316(1) ADM/AJB

Che Lamar Romero,

        Defendant.

_____

Che Lamar Romero, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Che Lamar Romero's ("Romero") pro se Writ of Coram Nobis and Motion for Sentence Reduction [Docket No. 75] ("Motion"). For the reasons stated below, the Motion is denied.

## II.  BACKGROUND

On September 17, 2003, Romero was charged in a two-count Indictment with attempted carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count 1), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2). Indictment [Docket No. 1] (the "Carjacking Case"). On December 11, 2003, Romero entered a plea of guilty to both Counts. Plea Agreement [Docket No. 26].

Romero was sentenced on March 25, 2004. Min. Entry [Docket No. 31]. The Court applied a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(1), based on Romero's prior convictions for Minnesota aggravated robbery in 1991 and 1998, Minnesota second degree assault in 1998, and a federal drug felony in 1989. Presentence

Investigation Report ("PSR") ¶¶ 51–53, 56.

The Court sentenced Romero to a term of 235 months (180 months on Count 1 and 235 months on Count 2, to run concurrently). Sentencing J. [Docket No. 32]. Romero appealed the reasonableness of the sentence, and the Eighth Circuit Court of Appeals affirmed. USCA Op. [Docket No. 50]; USCA J. [Docket No. 51]. The sentence was later reduced to 199 months (180 months on Count 1 and 199 months on Count 2, to run concurrently) based on a motion filed by the Government. Second Am. J. [Docket No. 65].

In February 2006, Romero was charged in a separate federal case in this district with one count of arson, one count of possession of an unregistered firearm, one count of illegal manufacture of a firearm, and one count of possession of a firearm with no serial number. See United States v. Romero, Case No. 05-368(3) (JRT/FLN) (D. Minn.) (the "Arson Case"). Romero entered a plea of guilty on all counts and was sentenced to a term of 72 months, to be served "consecutively to any other undischarged term of imprisonment." Sentencing J. [Arson Case Docket No. 105]. Chief Judge John R. Tunheim currently presides over the Arson Case.

In May 2006, Romero filed a motion under 28 U.S.C. § 2255 in the Carjacking Case, arguing that his sentence was unjustly enhanced and that he received ineffective assistance of counsel. The Court denied the § 2255 motion. See Mem. Op. Order [Docket No. 61].

In 2016, Romero petitioned the Eighth Circuit Court of Appeals for authorization to file a second or successive § 2255 petition in this case. Romero argued that the ACCA sentencing enhancement no longer applied because his two Minnesota aggravated robbery convictions and his Minnesota second degree assault conviction no longer qualified as violent felonies under the ACCA in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Mathis v. United States,

136 S. Ct. 2243 (2016). The Eighth Circuit denied the petition. See USCA J. [Docket No. 70]; Mandate [Docket No. 71].

Romero completed his 199-month sentence in the Carjacking Case in 2020. However, he remains in federal custody because he is serving his 72-month consecutive sentence in the Arson Case. Mot. at 8.

On August 2, 2021, Romero filed this Motion arguing that, in light of Johnson and Mathis, his Minnesota convictions for aggravated robbery no longer qualify as violent felonies under the ACCA. He also argues that his 1989 drug conviction no longer qualifies as a serious drug crime under the ACCA. Romero asks the Court to impose a "lesser, more appropriate sentence . . . in light of the Supreme Court's holdings in Johnson, et al." Id. at 11. Romero also requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on his rehabilitative efforts and his health concerns amid the COVID-19 pandemic. Id. at 8–10.

### III. DISCUSSION

**A. Mootness**

As a preliminary matter, the Court must determine whether Romero's completion of his 199-month sentence renders his Motion moot. A defendant's challenge to an expired term of imprisonment is not moot if the defendant identifies an ongoing collateral consequence that is traceable to the expired sentence and likely to be redressed by a favorable judicial decision. United States v. Juvenile Male, 564 U.S. 932, 936 (2011).

Although Romero's 199-month prison term has expired, he is still serving the 72-month sentence which was ordered to run consecutively to the 199-month sentence. Were the Court to conclude that Romero's 199-month sentence was wrongly enhanced and should have been

shorter, Romero's consecutive 72-month sentence would begin and end sooner.  Mot. at 4.  As such, Romero has identified ongoing collateral consequences from the expired term of imprisonment that would be redressed by a favorable decision.  The Motion is not moot.

**B.  Writ of Coram Nobis**

Romero seeks relief "pursuant to the Writ of Coram Nobis."  Mot. at 1.  A person who has been convicted of a federal crime and is no longer in federal custody may seek a writ of error coram nobis to set aside their conviction or sentence.  United States v. Little, 608 F.2d 296, 299 n.5 (8th Cir. 1979).  Here, Romero remains in federal custody on a subsequent conviction.  As a result, coram nobis does not apply and the Motion is treated as one for relief under 28 U.S.C. § 2255.  See id. at 299 ("Since . . . Little is again in federal custody on a subsequent conviction and alleges that the latter sentence was enhanced by his previous conviction, it appears that Little's remedy does not lie in coram nobis but in a petition for post-conviction relief under 28 U.S.C. § 2255.").

Because Romero filed a § 2255 motion in 2006, he must obtain authorization from the Eighth Circuit before filing a second or successive § 2255 motion.  See 28 U.S.C. 2255(h).  Romero has not received such authorization.  To the contrary, Romero previously petitioned the Eighth Circuit for permission to file a successive § 2255 motion challenging his ACCA sentence enhancement, and the Eighth Circuit denied the request in January 2017.  As such, the Motion is barred under 28 U.S.C. § 2255(h).

Even if it were not procedurally barred, the Motion would fail on the merits because Romero has at least three prior convictions that qualify as violent felonies under the ACCA.  Specifically, Romero's two convictions for Minnesota aggravated robbery and his conviction for

Minnesota second degree assault are all violent felonies under the ACCA.  See United States v. Redditt, 965 F.3d 654, 656 (8th Cir. 2020) (holding that Minnesota aggravated robbery qualifies as a predicate felony under the ACCA); United States v. Lindsey, 827 F.3d 733, 739–40 (8th Cir. 2016) (holding that Minnesota second degree assault is a violent felony under the ACCA); United States v. Scott, No. 14-330 (JRT) , 2021 WL 1785227, *2 (D. Minn. May 5, 2021) (holding that Minnesota aggravated robbery and Minnesota second degree assault are predicate offenses under the ACCA).

**C.  Motion Under 18 U.S.C. § 3582(c)(1)(A)(i)**

Romero alternatively moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction to his 199-month sentence.  As discussed above, the sentence was validly imposed and has now expired.  Because Romero has fully completed the sentence before this Court, there is no reason here to address his compassionate release motion, which will be addressed in the Arson Case.  See Mot. Reduce Sentence [Arson Case Docket No. 180].  Accordingly, the Motion to reduce Romero's 199-month sentence under § 3582(c)(1)(A) is denied.

## IV.  CONCLUSION

Based on the foregoing, and all the files and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Che Lamar Romero's pro se Writ of Coram Nobis and Motion for Sentence Reduction [Docket No. 75] is **DENIED**.  No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 30, 2021